UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PAULA FACIANE and<br>MICHAEL FACIANE | CIVIL ACTION |
| v. | NO. 18-899 |
| PETROCHEM FIELD SERVICES,<br>INC. and STAR INDEMNITY &<br>LIABILITY COMPANY | SECTION "F" |

ORDER AND REASONS

Before the Court is the defendants' motion to stay execution of judgment pending appeal without security, or in the alternative, motion to set a reasonable supersedeas bond amount. For the reasons that follow, the motion to stay is GRANTED, in part, on the condition that defendants post a supersedeas bond in accordance with the Court's local rules.

**Background**

This personal injury lawsuit arises from a car accident in which a large passenger van struck the front of a sedan that was traveling through an intersection.

After a two-day bench trial beginning on April 29, 2019, the Court ruled in favor of the plaintiff, awarding him $183,768 in damages.[1] On May 1, 2019, the Court entered a judgment in favor of plaintiff, Michael Faciane, and against defendants, Petrochem

---

[1] The Court was faced with a central and troubling question of plaintiff's credibility and prior criminal record.

Field Services, Inc. and Starr Indemnity and Liability Company. On May 28, 2019, the plaintiff filed a notice of appeal.

The defendants now seek a stay of the Court's May 1, 2019 judgment pending the appeal of that judgment to the Fifth Circuit, as well as a waiver of the security requirement. Alternatively, the defendants request that the Court set a reasonable supersedeas bond amount that takes into account the likelihood that the Fifth Circuit may reduce the plaintiff's award.

I.

Federal Rule of Civil Procedure 62(b) permits a party seeking to stay the execution of a judgment pending appeal to post a bond or other security to secure the payment of the judgment to the judgment creditor. Rule 62(d) provides:

> **Stay by Bond or Other Security.** At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.

The Court notes that Federal Rule of Civil Procedure 62 was recently amended in 2018. Prior to the 2018 amendment, Federal Rule of Civil Procedure 62(d) was the provision that permitted an appellant to obtain a stay by posting a supersedeas bond. The new rule is more expansive, allowing "a party" to obtain a stay by

2

providing "a bond or other security." See Fed. R. Civ. Proc. 62 advisory committee's note to 2018 amendment.[2]

Generally, "[t]he purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1190-91 (5th Cir. 1979) (interpreting former Rule 62(d) prior the 1987, 2007, 2009, and

---

[2] The Advisory Committee Notes pertaining to Rule 62(b) provide, in full, as follows:
> Subdivision 62(b) carries forward in modified form the supersedeas bond provisions of former Rule 62(d). A stay may be obtained under subdivision (b) at any time after judgment is entered. Thus a stay may be obtained before the automatic stay has expired, or after the automatic stay has been lifted by the court. The new rule's text makes explicit the opportunity to post security in a form other than a bond. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or security—a party may find it convenient to arrange a single bond or other security that persists through completion of post-judgment proceedings in the trial court and on through completion of all proceedings on appeal by issuance of the appellate mandate. This provision does not supersede the opportunity for a stay under 28 U.S.C. § 2101(f) pending review by the Supreme Court on certiorari. Finally, subdivision (b) changes the provision in former subdivision (d) that "an appellant" may obtain a stay. Under new subdivision (b), "a party" may obtain a stay. For example, a party may wish to secure a stay pending disposition of post-judgment proceedings after expiration of the automatic stay, not yet knowing whether it will want to appeal.

Fed. R. Civ. Proc. 62(b) advisory committee's note to 2018 amendment.

3

2018 amendments). To achieve these competing interests, a full supersedeas bond is usually required. See id.[3]

A district court, however, has discretion in setting security and may exercise its discretion to waive the security requirement under certain narrow circumstances. See id.; see also Enserch Corp. v. Shand Morahan & Co., Inc., 918 F.2d 462, 464 (5th Cir. 1990). A party seeking to depart from the normal requirement of a full supersedeas bond must "objectively demonstrate the reasons for such a departure." Poplar Grove, 600 F.2d at 1191. A departure may be warranted where (1) the "judgment debtor objectively demonstrates a present financial ability to facilely respond to a money judgment and presents to the court a financially secure plan for maintaining that same degree of solvency during the period of an appeal," or (2) "the judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden." Id.; see also Olympia Equip. Leasing Co. v. W. Union Tel. Co., 786 F.2d 794, 796 (7th Cir. 1986) (citing Poplar Grove, 600 F.2d at 1191) (noting that reduced security is appropriate if (1) "the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money," or

---

[3] The Court's Local Rules govern quantum. Pursuant to Local Rule 62.2, "[a] bond or other security staying execution of a money judgment must be in the amount of the judgment plus 20% of that amount to cover interest, costs, and any damages award, unless the court directs otherwise.

4

(2) "the requirement would put the defendant's other creditors in undue jeopardy"). The Fifth Circuit has also recognized that a "judgment may be suspended without bond when the relief sought by the prevailing party on appeal is inconsistent with enforcement of the lower court's judgment." Enserch Corp., 918 F.2d at 464.

II.

The defendants seek to stay this Court's judgment pending the plaintiff's appeal, as well as a waiver of the security requirement. In the alternative, they urge the Court to set a "reasonable" supersedeas bond amount that takes into account the likelihood that the Fifth Circuit may reduce the plaintiff's award. The plaintiff responds that Federal Rule of Civil Procedure 62(b) makes clear that the defendants may obtain a stay, provided they post security; he also questions the defendants' ability to challenge his damages award on appellate review where (for seemingly strategic reasons) they have elected not to appeal.

*A.*

First, insofar as the defendants seek an unsecured stay of judgment pending appeal on the ground that the plaintiff "should bear all risk brought on by his appeal," their request finds support in neither statute, nor case law. Notably, Federal Rule of Civil Procedure 62(b), as revised, expressly permits "a party," including an appellee, to obtain a stay by posting security. Moreover, even prior to this amendment, the Fifth Circuit refused

5

to hold that a defendant may obtain an unsecured stay of a money judgment whenever a prevailing plaintiff appeals. Ensrch Corp., 918 F.2d at 464. To the contrary, the Fifth Circuit instructs, a "judgment may be suspended without bond when the relief sought by the prevailing party on appeal is inconsistent with enforcement of the lower court's judgment." Id. For example, a party seeking specific performance in lieu of damages could not simultaneously execute a damage judgment, but a plaintiff could enforce a money judgment while challenging the sufficiency of that judgment on appeal. Id. (internal citations omitted).

*B.*

Second, to the extent the defendants urge the Court to reduce security, the Court finds that the defendants have not satisfied their heavy burden of objectively demonstrating the reasons for such a departure. Although the defendants ask the Court to account for the likelihood that the Fifth Circuit may reduce the plaintiff's award, the Court again notes that the defendants have not filed a cross appeal.[4]

---

[4] In their motion to stay, the defendants urge the Court to consider the credibility issues involved in this case, including the character of both the plaintiff and Dr. James Dyess, as well the Court's oral reasons for judgment issued on April 30, 2019. In awarding damages, the defendants note, the Court first considered the total amount of plaintiff's medical expenses, lost wages, and general damages. Then, citing the testimony of defendant's IME, Dr. Gordon Nutik, the Court discounted the damages by 25%. According to the defendants, the testimony of Dr. Nutik actually suggests that the subject accident was likely only 25% responsible

However, even if both sides were appealing the plaintiff's damages award, the Court nonetheless finds that requiring full security would most effectively maintain the status quo, while protecting the interests of the cross-appellants and avoiding overreaching by either side.

Accordingly, for the foregoing reasons, IT IS ORDERED: that the defendants' motion to stay execution of judgment pending appeal is GRANTED on the condition that defendants post a supersedeas bond in the amount of $220,521.60 within fourteen (14) days from the date of this Order.[5]

New Orleans, Louisiana, July 9, 2019

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

for plaintiff's injury and damages. Therefore, the defendants will urge in their briefing that if the Fifth Circuit is to find any error in this Court's judgment, it is that a 75% discount should have been applied to plaintiff's damages.

[5] Local Rule 62.2 provides: "A bond or other security staying execution of a money judgment must be in the amount of the judgment plus 20% of that amount to cover interest, costs, and any damages award, unless the court directs otherwise."